IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NATHAN COLE, | ) |
|     Petitioner, | ) |
| | ) No. 2:21-cv-02646-TLP-tmp |
| v. | ) |
| R. CHILDRESS, Acting Warden FCI Memphis, | ) |
|     Respondent. | ) |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING THAT ANY APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Nathan Cole[1] petitioned pro se under 28 U.S.C. § 2241 for a writ of habeas corpus. (ECF No. 1.) Respondent moves to dismiss the petition or in the alternative for summary judgment. (ECF No. 6.) In short, Petitioner believes the court should adjust his sentence computation to credit him with additional time served. (ECF No. 1 at PageID 6–7.) And Respondent counters that Petitioner did not exhaust his administrative remedies. (ECF No. 6 at PageID 33, 37–39.) What is more, Respondent argues that Petitioner was in state custody for the disputed period and that time spent in state custody cannot also be credited to his federal sentence. (*Id*. at PageID 39–41.) Petitioner did not respond to the motion to dismiss, and the time to do so has expired. For the reasons stated below, the Court **GRANTS** the motion to dismiss and therefore **DISMISSES** the § 2241 Petition with prejudice.

---

[1] Petitioner is currently incarcerated at the Federal Correctional Institution in Memphis, Tennessee. His Bureau of Prisons register number is 49844-044.

## BACKGROUND AND PROCEDURAL HISTORY

In January 2019, the authorities in Missouri released Petitioner on parole for St. Louis City Circuit Court, Case Nos. 1422-CR04204-01, 1622-CR01440-01, and 1722-CR00592-01. (ECF No. 6 at PageID 33.)  In July 2019, the Missouri court issued a parole warrant for Petitioner in those cases.  (*Id.* at PageID 34.)  Authorities arrested Petitioner in November 2019 and housed him at the St. Louis Circuit Justice Center.  (*Id.*)

In January 2020, a federal grand jury in the Eastern District of Missouri returned an indictment charging Petitioner with knowingly possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 7 at PageID 58; *see also United States v. Nathan Cole*, No. 4:20-CR-014-RLW/DDN (E.D. Mo. Jan. 9, 2020), ECF No. 2.)  The United States Marshal Service ("USMS") temporarily removed Petitioner from state custody on a federal writ of habeas corpus ad prosequendum on January 23, 2020.  (ECF No. 7 at PageID 43, 60.)

In February 2020, the Missouri Department of Corrections ("MDOC") Board of Probation and Parole returned Petitioner for revocation.  (*Id.* at PageID 43–44.)  Petitioner was then released on his own recognizance on March 27, 2020, and the court canceled the parole warrant when Petitioner returned to MDOC custody three days later.  (*Id.* at PageID 44.)

In August 2020, the Eastern District of Missouri district court issued a second writ of habeas corpus ad prosequendenum, and the USMS again took Petitioner into temporary custody. (*Id.*)  On March 5, 2021, the district court sentenced Petitioner to a 48-month term of imprisonment for being a felon in possession of a firearm.  (*Id.* at PageID 44; *see also* ECF No. 1-2 at PageID 14.)  That district court did not address whether the federal sentence would run consecutively or concurrently with the state parole revocations. (ECF Nos. 6 at PageID 35; 7 at PageID 44.)

Ten days later, the USMS returned Petitioner to the St. Louis City Justice Center to serve the rest of his state sentence. (ECF No. 7 at PageID 44.) Petitioner remained there until March 30, 2021—when MDOC transferred him to the Eastern Reception Diagnostic and Correctional Center (ERDCC). (*Id.*) The MDOC parole board released Petitioner on parole on May 11, 2021. (*Id.*) But, because the federal authorities had placed a detainer for Petitioner, the MDOC transferred him to the USMS to begin serving his federal sentence. (*Id.*)

The BOP prepared a sentence computation with Petitioner's federal sentence beginning on May 11, 2021. (*Id.*) Petitioner made a complaint with the BOP in July 2021, asserting that his federal sentence began on January 23, 2020. (ECF No. 1-1 at PageID 9.) BOP responded to this attempt at informal resolution, stating that "prior jail credit was not applied" because Petitioner "was serving a [State] Parole Violation prior to being released to Federal Custody on 05-11-2021." (*Id.* at PageID 10–11.) Petitioner then filed a Federal Bureau of Prisons ("BOP") Request for Administrative Remedy. (*Id.* at PageID 12.) The facility denied Petitioner's request, providing a letter that states as follows:

> A review of your request revealed according to Designation and Sentence Computation Center (DSCC), you were serving a Parole Violation prior to being release to Federal custody on May 11, 2021. Therefore, the prior jail credit was not applied.
>
> The credit you seek is precluded pursuant to Title 18 U.S.C. 3585 (b), and states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences; (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.
>
> Based on the above information, this response to your Request for Administrative Remedy is denied.

(*Id.* at PageID 13.) Petitioner appealed to the Mid-Atlantic Regional Office, but he did not appeal to the Central Office level. (ECF No. 6 at PageID 39.)

Petitioner petitions pro se under 28 U.S.C. § 2241 for a writ of habeas corpus, asserting that the BOP will not extend credit toward his federal sentence from January 23, 2020—the day he contends he was taken into federal custody and denied release. (ECF No. 1 at PageID 6–7.) Respondent moves to dismiss based on Petitioner's failure to exhaust administrative remedies. (ECF No. 6.) As stated above, Petitioner did not respond to the motion, and the time to do so has expired. The Court now turns to the merits of Respondent's motion.

## ANALYSIS OF PETITIONER'S CLAIM

This Court can issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A claim about the BOP's failure to award sentence credit can be addressed in a § 2241 petition after the inmate has exhausted his administrative remedies with the BOP. *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992). Respondent contends that Petitioner has not exhausted his administrative remedies to the highest level of review in an appeal to the Central Office. (ECF No. 6 at PageID 33, 37–39, 41.) Petitioner did not respond to Respondent's motion to dismiss and therefore offers no counter to this argument.

Calculation of a federal prisoner's sentence, including its beginning date and any credit for custody before sentencing, is governed by 18 U.S.C. § 3585, which provides:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or

>    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

The Sixth Circuit has explained that "a district court does not have jurisdiction to apply credit against a sentence under section 3585(b)." *Westmoreland*, 974 F.2d at 737 (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). Rather, "it is the Attorney General, through the Bureau of Prisons, who is authorized to grant a prisoner credit for time spent in pre-sentence detention." *United States v. Noel*, 372 F. App'x 586, 592 (6th Cir. 2010) (citing 18 U.S.C. § 3585; *Wilson*, 503 U.S. at 333–35; *Westmoreland*, 974 F.2d at 737). "Review of the Bureau of Prisons' determination is available through the administrative process and ultimately, after the exhaustion of administrative remedies, in the District Court." *Westmoreland*, 974 F.2d at 737. Put another way, "once a prisoner has exhausted his administrative remedies, he may challenge the BOP's calculation of sentencing credit in the district court." *Barker v. Barnhart*, No. 18-5969, 2019 WL 4391453, at *3 (6th Cir. 2019) (citing *Westmoreland*, 974 F.2d at 737).

Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of the BOP's sentence credit calculation. *See Westmoreland*, 974 F.2d at 737–38; *see also Davis v. Keohane*, 835 F.2d 1147, 1149 (6th Cir. 1987) (requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) (same); *United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit"). Petitioner did not completely exhaust his administrative remedies before suing here. This is because Petitioner failed to appeal the ruling

of the Mid-Atlantic Regional Office.  *See Singh*, 52 F. App'x at 712.  This Court therefore lacks jurisdiction to consider the merits of Petitioner's claims.

Based on the above, the Court **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** the § 2241 Petition.  The Court will enter Judgment for Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  In any event, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner did not appeal the ruling of the Mid-Atlantic Regional Office, Petitioner has not exhausted all his administrative remedies. As a result, the Court finds that any appeal here would not be taken in good faith. The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that any appeal here would not be taken in good faith, and also **DENIES** Petitioner leave to proceed in forma pauperis on appeal.[2]

**SO ORDERED**, this 28th day of July, 2022.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and file a supporting affidavit in the Sixth Circuit within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).